UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEAHA WHITE, | Case No. 2:24-cv-00934-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| GENERAL REVENUE CORPORATION, | |
| Defendant. | |

Pending before the Court is Plaintiff's *in forma pauperis* application and Complaint. ECF Nos. 1, 1-2.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Plaintiff, a non-inmate, filed a complete application to proceed *in forma pauperis*. Because Plaintiff submitted the declaration required by 28 U.S.C. 1915(a) showing an inability to prepay fees or costs or give security for them, the Court grants her request to proceed *in forma pauperis*.

**II.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citation omitted).

1   In considering whether the complaint is sufficient to state a claim, "all well-pleaded allegations of material fact are taken as true and construed in the light most favorable" to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.   DISCUSSION

Plaintiff brings a claim for actual damages and statutory damages under the Federal Debt Collection Practices Act ("FDCPA") (ECF No. 1-2 at 1-4), and thus establishes federal question jurisdiction. 28 U.S.C. § 1331 (federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Personal jurisdiction is established because Defendant appears to do business in Nevada and has a registered agent located in Carson City, Nevada. ECF Nos. 1-2 at 1-4, 1-3; *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006).

To state a claim for violation of the FDCPA, "there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009); *see also* 15 U.S.C. § 1692a(3), (6). Plaintiff alleges she is a "consumer" under the FDCPA because she allegedly owes a balance on a collection account that appears to be for a student loan debt (ECF No. 1-2 at 2, 5-13), which is covered by the FDCPA. 15 U.S.C. § 1692a(3); *Smith v. Progressive Fin. Servs., Inc.*, Case No. 6:12-CV-1704-MC, 2013 WL 3995004, at *3 (D. Or. Aug. 1, 2013) (collecting cases). Plaintiff asserts facts demonstrating Defendant is a debt collector under the FDCPA. ECF No. 1-2 at 2; 15 U.S.C. § 1692a(6); *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 81 (2017). Plaintiff sufficiently states claims that Defendant violated subsections 1692e(8), 1692g(a), and 1692f of the

FDCPA. ECF No. 1-2 at 4. Because Plaintiff states a claim against Defendant over whom jurisdiction is sufficiently stated, the Complaint may proceed.

**IV.  ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff will not be required to pay the filing fee of $405.00. Plaintiff is permitted to maintain this action to conclusion without the necessary prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* will not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-2) may proceed against Defendant. The Clerk of Court will detach and electronically file Plaintiff's Complaint, issue a Summons for Defendant, and deliver a copy of Plaintiff's Complaint, this Order, and the Summons to the U.S. Marshal for service.

IT IS FURTHER ORDERED that the Clerk of Court will send Plaintiff one USM-285 form, together with a copy of this Order.

IT IS FURTHER ORDERED that Plaintiff must complete the USM-285 form for Defendant and return the same to the Clerk's Office no later than **June 11, 2024**. Plaintiff must provide an address within the State of Nevada for service, which may be found on the Nevada Secretary of State's website as all entities doing business in the State of Nevada must have a resident agent upon whom service of process may be made.

IT IS FURTHER ORDERED that within one day of receipt of the completed USM-285 form in the Clerk's Office, the Clerk **must** deliver a copy of the form to the U.S. Marshal for service on Defendant.

IT IS FURTHER ORDERED that the U.S. Marshal **must** attempt to effect service of this Order, Plaintiff's Complaint, and the Summons on Defendant no later than **twenty-one (21)** days after receipt of the completed USM-285 form.

IT IS FURTHER ORDERED that Plaintiff **must** serve Defendant, or, if appearance is entered by counsel, upon Defendant's counsel, a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff will include with the original papers submitted

for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or Defendant's counsel. The Court may disregard any paper received by a District or Magistrate Judge that is not filed with the Clerk, and any paper received by a District or Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order, Plaintiff's claims against Defendant may be subject to dismissal for failure to complete service of process pursuant to Fed. R. Civ. P. 4(m).

DATED this 21st day of May, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE